# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                   Criminal No. 98-CR-20080-DT
                                           Civil Case No. 04-CV-74175-DT

JOSEPH CHARACTER,

      Defendant.

_____/

## ORDER DENYING PETITIONER'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255

Pending before the court is Defendant's "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence," filed October 26, 2004. For the reasons set forth below, the motion will be denied.

## I. BACKGROUND

Defendant Joseph Character was indicted by a federal grand jury on November 3, 1999. The indictment charged him with two counts, conspiracy to possess with attempt to distribute controlled substances in violation of 21 U.S.C. §§ 841 and 846, and using a telephone to facilitate a drug conspiracy, in violation of 21 U.S.C. § 843(b). He was convicted on August 21, 2000 and sentenced to 162 months' imprisonment.

Defendant now seeks to vacate his sentence, claiming (1) that the indictment did not specify a drug quantity and that the court therefore lacked jurisdiction, and (2) that his attorney was ineffective in failing to advise him about the risks of testifying, which resulted in the government being able to legitimately introduce into evidence materials that had been previously ordered suppressed as the result of an over-broad "sweep" of

the apartment in which Defendant was arrested. For the reasons set forth below, the court will deny Defendant's motion.

## II.  STANDARD

Under 28 U.S.C. § 2255, a prisoner sentenced by a federal court may "move the court which imposed the sentence to vacate, set aside or correct the sentence" when "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."  Such motions, however, must demonstrate "the existence of a fundamental defect which inherently results in a complete miscarriage of justice, or an omission inconsistent with the rudimentary demands of fair procedure" in order for relief to be obtained.  *United States v. Todaro*, 982 F.2d 1025, 1030 (6th Cir. 1993) (citing *Hill v. United States*, 368 U.S. 424, 428 (1962)), *cert. denied*, 508 U.S. 943 (1993).

## III.  DISCUSSION

### A.  The Indictment

Defendant first asserts that *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), which, for sentencing purposes, requires that any fact that increases a defendant's sentence beyond the prescribed statutory maximum be submitted to the jury and proved beyond a reasonable doubt, *Apprendi,* 530 U.S. at 490, 120 S.Ct. 2348, rendered the indictment, the trial, the conviction and sentencing invalid.  This assertion is without merit. The indictment charged an offense that carried a twenty years (or 240 month) maximum pursuant to 21 U.S.C. § 846.  Defendant was

given a sentence of 162 months, and his sentence therefore did not exceed the prescribed statutory maximum.

The sentencing requirements of *Apprendi* were not violated. *See, e.g., United States v. Stafford,* 258 F.3d 465, 478-79 (6th Cir. 2001) ("[A] violation of the principles set forth in *Apprendi* rises to the level of 'plain error' only where the defendant's sentence exceeds the maximum possible sentence that could be imposed by statute absent the offending 'sentencing factor' determined under the too-lenient 'preponderance' standard . . . .· [E]ven if a determination of a particular drug quantity is improperly made under the 'preponderance' standard, there is no plain error in a sentence that lies within the applicable statutory sentencing range for the same offense involving an indeterminate amount of drugs."). In addition, this issue was considered and rejected by the Court of Appeals on direct appeal. *U.S. v. Character*, 76 Fed. Appx. 690, 695 (6th Cir. 2003).

### B. Ineffective Assistance of Counsel

In order to successfully prove a claim for ineffective assistance of counsel, Defendant must demonstrate "that counsel's performance was deficient" and "that the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). A strong presumption that "counsel's conduct falls within the wide range of reasonable professional assistance" must be indulged. *Id.* at 689; *see also Beasley v. United States*, 491 F.2d 687, 696 (6th Cir. 1974) (holding that the assistance of counsel required under the Sixth Amendment is counsel "reasonably likely to render and rendering reasonably effective assistance"). It is also important to note that "judicial

3

scrutiny of counsel's performance must be highly deferential."  *Strickland*, 466 U.S. at 689.

Defendant claims that he received ineffective assistance of counsel because his lawyer failed to advise him of the risks of electing to testify.  Because there is no showing of actual prejudice, Defendant's ineffective assistance claim fails.  *See id.* at 697 (noting that "a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies.").  The Supreme Court has instructed that "[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be [the case], that course should be followed."  *Id.*

Defendant cannot satisfy his burden to show that the result would have been different even if his attorney had persuaded him to not testify.  *See Lucas v. O'Dea*, 179 F.3d 412, 418, (6th Cir. 1999) (requiring "a reasonable probability that, but for counsel's . . .  errors, the result of the proceeding would have been different.").

The government's evidence in this case was very strong, and included a virtual "confession" found in a the words of a poem or song, composed and performed by Defendant on tape, boasting of his exploits in the drug distribution business. The court characterized his guilt as "absolutely clear." In addition, Defendant was recorded on a wiretap explaining to a co-conspirator exactly how to locate and secure a quantity of cocaine that had been overlooked in a previous search warrant execution since it had been hidden in the dishwasher.

Defendant claims in his petition that in an affidavit he stated (or perhaps would state, since no affidavit was presented to the court) that he really "did not want to

testify," but that his attorney ill-advised him to go forward.  The court prefers to accept

Defendant's statements at the time, made without the benefit of 20-20 hindsight from his

prison cell.  At trial, the court explained on the record, out of the presence of the jury,

that a decision to testify must be the defendant's "choice after consultation with counsel,

[that] he was not forced into it, that he can elect to testify or not. He can receive advice

from counsel, talk with his attorney in other words, but the decision, just as the decision

to go to trial, has to be the defendant's own decision."  The court asked Defendant, "Mr.

Character, do you understand what I just said?"  Defendant responded to the court's

question quite clearly and without equivocation, "Yes sir, your honor."  The court said,

"And is all of what I just said correct?"  Defendant again said "Yes sir, Your Honor."  The

court asked, ". . . you've gone over the advantages and disadvantages, is that right?"

When the Defendant again said "Yes sir, Your Honor," the court declared itself satisfied

that Defendant knew what he was doing and was making an intelligent choice. (Aug, 18,

2000 Tr. at 9-10)

It is abundantly clear that Defendant knew, or was in a position to know, that full

cross-examination would ensue and that there was a distinct possibility that previously

suppressed materials would be at least discussed and possibly received into evidence.

(*Id.,* at 10-13)  Even without those previously suppressed materials, however, the court

believes that Defendant would have been convicted based upon overwhelming other

evidence.

Similarly, Defendant has not shown prejudice for his nebulous argument that his

trial counsel was not prepared to present a defense.  First, the court notes that

Defendant bases this entire argument on a somewhat innocuous comment by defense

5

counsel that he did not know whether he would be presenting evidence in the event a Rule 29 motion was unsuccessful.  There is nothing inherently deficient about a defense attorney making tactical decisions mid-trial,[1] and Defendant points to no specific actions (other than Defendant's decision to testify) which he claims were inappropriate.  *See Cunningham v. United States,* No. 96-3874, 1998 WL 228028, *3 (6th Cir. Apr. 27, 1998) (finding that general allegation that "counsel was unprepared was insufficient to demonstrate either prong of the *Strickland* test.").  Indeed, even if trial counsel's representation that he did not know what evidence he would be presenting is taken at face value, Defendant has not identified any prejudice.  He has not, for example, demonstrated any additional credible evidence which could have been offered to negate the government's evidence of guilt.  The court thus finds that Defendant suffered no actual prejudice, and his ineffective assistance claim will accordingly be denied.

## IV.  CONCLUSION

IT IS ORDERED that Defendant's Motion to Vacate Sentence under 28 U.S.C. § 2255 [Dkt # 209] is DENIED.


  S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  August 30, 2005

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, August 30, 2005, by electronic and/or ordinary mail.

---

[1]  Indeed, such events are commonplace, as defense attorneys need to adjust their own strategies and decisions in reaction to the presentation of the government's case.  Further, as evinced by the present case, whether a defendant will testify is often a last-minute decision which is not conclusively determined until after the government rests.

6

 S/Lisa G. Teets
Case Manager and Deputy Clerk
(313) 234-5522