**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                      Crim. Case No. 98-CR-20080-DT
                                                      Civil Case No. 04-CV-74175-DT

JOSEPH CHARACTER,

    Defendant.

_____/

**ORDER DENYING DEFENDANT'S
MOTION FOR A CERTIFICATE OF APPEALABILITY**

Pending before the court is Defendant Joseph Character's motion for a certificate of appealability, filed on October 18, 2005. For the reasons set forth below, the motion will be denied.

**I.  BACKGROUND**

Defendant Joseph Character was indicted by a federal grand jury on November 3, 1999. The indictment charged him with two counts, conspiracy to possess with attempt to distribute controlled substances in violation of 21 U.S.C. §§ 841 and 846, and using a telephone to facilitate a drug conspiracy, in violation of 21 U.S.C. § 843(b). He was convicted on August 21, 2000 and sentenced to 162 months' imprisonment.

Defendant filed a motion to vacate his sentence, claiming (1) that the indictment did not specify a drug quantity and that the court therefore lacked jurisdiction, and (2) that his attorney was ineffective in failing to advise him about the risks of testifying, which resulted in the government being able to legitimately introduce into evidence materials that had been previously ordered suppressed as the result of an over-broad

"sweep" of the apartment in which Defendant was arrested.  On August 30, 2005, the court denied Defendant's motion, and he now asks the court to grant him a certificate of appealability.  For the reasons set forth below, the court will deny Defendant's motion

## II.  STANDARD

"If an applicant files a notice of appeal, the district judge who rendered the judgment must either issue a certificate of appealability or state why a certificate should not issue."  Fed. R. App. P. 22(b)(1).  This court, having rendered the challenged judgment in the case at bar, is guided by 28 U.S.C. § 2253(c)(2), which directs the reviewing judge to determine if "the applicant has made a substantial showing of the denial of a constitutional right."  To demonstrate this denial, the applicant is required to show that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  When a district court rejects a petitioner's constitutional claims on the merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Id.*

## III.  DISCUSSION

In his motion, Defendant requests that the court grant him a certificate of appealability on both of the claims he asserted in his § 2255 motion.

### A.  The Indictment

First, Defendant contends that he is entitled to a certificate of appealability on his claim that the court lacked subject matter jurisdiction to convict and sentence him because indictment did not allege a specific quantity of drugs.   Defendant relies on

2

*Apprendi v. New Jersey,* 530 U.S. 466 (2000), which, for sentencing purposes, requires that any fact that increases a defendant's sentence beyond the prescribed statutory maximum be submitted to the jury and proved beyond a reasonable doubt. Citing *Apprendi,* Defendant argues that (1) drug quantities are an element of an offense under 21 U.S.C. § 841 and (2) this element must be charged in the indictment and proven beyond a reasonable doubt.[1]

In its August 30, 2005 order, the court correctly rejected this argument. The court found that there was no violation of *Apprendi* because Defendant's sentence of 162 months, did not exceed the prescribed statutory maximum of 21 U.S.C. § 846, which is 240 months. (8/30/05 Order at 2-3.) The court also noted that "this issue was considered and rejected by the Court of Appeals on direct appeal." (8/30/05 Order at 3); *see also United States v. Character,* 76 Fed. Appx. 690, 695 (6th Cir. 2003) ("But the elements of this conspiracy do not require the prosecution to specify the quantity of drugs at issue. In this instance, the indictment correctly included both essential elements of the conspiracy.").

Reasonable jurists would not disagree with the court's conclusion on this issue, and Defendant's motion is therefore denied.

---

[1] Defendant also takes issue with the court's August 30, 2005 characterization of Defendant's argument, in which the court stated that Defendant claimed that *Apprendi* "rendered the indictment, the trial, the conviction and sentencing invalid." (8/30/05 Order at 2.) The court find no practical distinction between Defendant's current characterization and the court's characterization of his claim. If anything, the court construed his claims *more* broadly than he intended, in connection with the court's liberal construction of *pro se* filings. *See Boswell v. Mayer,* 169 F.3d 384, 387 (6th Cir. 1999). In any event, the substantive analysis of the claim does not change.

3

## B.  Ineffective Assistance of Counsel

Defendant next asks for a certificate of appealability on his ineffective assistance of counsel claim.  In order to successfully prove a claim for ineffective assistance of counsel, Defendant must demonstrate "that counsel's performance was deficient" and "that the deficient performance prejudiced the defense."  *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  A strong presumption that "counsel's conduct falls within the wide range of reasonable professional assistance" must be indulged.  *Id.* at 689; *see also Beasley v. United States*, 491 F.2d 687, 696 (6th Cir. 1974) (holding that the assistance of counsel required under the Sixth Amendment is counsel "reasonably likely to render and rendering reasonably effective assistance").  It is also important to note that "judicial scrutiny of counsel's performance must be highly deferential."  *Strickland*, 466 U.S. at 689.

Defendant claims that his attorney was ineffective for allowing Petitioner to testify and for opening the door for previously suppressed evidence to be introduced into evidence.[2]  Defendant also claims that he received ineffective assistance of counsel because, according to Defendant, his attorney was not prepared.  In its August 30, 2005 order, the court rejected Defendant's ineffective assistance of counsel claim because he had not made a showing of actual prejudice.  (8/30/05 Order at 4.)  The court found:

> It is abundantly clear that Defendant knew, or was in a position to know, that full cross-examination would ensue and that there was a distinct possibility that previously suppressed materials would be at least discussed and possibly received into evidence. . . . Even without those previously suppressed materials, however, the court believes that

---

[2]Defendant again takes issue with the way the court characterized his § 2255 claim, (*see* 10/18/05 Mot. at 8), however, the court's analysis with respect to the absence of prejudice remains the same regardless of how his claim is characterized.

4

> Defendant would have been convicted based upon overwhelming other evidence.

(*Id.* at 5.) In light of the overwhelming evidence of Defendant's guilt, the court also rejected his claim that his attorney's alleged lack of preparation was prejudicial. (*Id.* at 6 (noting absence of prejudice).) The court finds that reasonable jurists would not disagree with these conclusions, and his request for a certificate of appealability will be denied.[3]

### IV. CONCLUSION

IT IS ORDERED that Defendant's motion for a certificate of appealability [Dkt # 219] is DENIED.

```
                                         S/Robert H. Cleland
                                         ROBERT H. CLELAND
                                         UNITED STATES DISTRICT JUDGE
```
Dated: December 14, 2005

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, December 14, 2005, by electronic and/or ordinary mail.

```
                                         S/Lisa Wagner
                                         Case Manager and Deputy Clerk
                                         (313) 234-5522
```

---

[3] Defendant claims the court erred because it failed to consider his affidavit in which he stated that he did not want to testify but that his attorney essentially coerced him into testifying on the condition that his attorney's questions would not open the door to the previously suppressed evidence. Defendant, however, made these same arguments in his § 2255 motion, and the court considered them in its August 30, 2005 Order. Indeed, the court rejected this argument in light of his statements made to the court when the court specifically questioned him as to his decision to testify. (*See* 8/30/05 Order at 4-5.)